UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Guy Phillip DiGrazia

    v.                                                                      Case No. 22-cv-441-JL

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Guy Phillip DiGrazia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging a Bureau of Prisons ("BOP") disciplinary proceeding. The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases (hereinafter "§ 2254 Rules"); § 2254 Rule 1(b) (applying § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Because Mr. DiGrazia proceeds pro se, the court construes his pleadings liberally. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

**Background**

Mr. DiGrazia is incarcerated at the Federal Correctional Institute in Berlin, New Hampshire ("FCI Berlin"). See Pet. (Doc. No. 1, at 1). In his petition, Mr. DiGrazia challenges a BOP discipline hearing officer's ("DHO") decision, in which Mr. DiGrazia was found guilty of violating BOP Prohibited Acts Code ("Code") 297, 28 C.F.R. § 541.3, tbl.1. Pet. (Doc. No. 1, at 1). Code 297 prohibits "use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called . . . ." 28 C.F.R. § 541.3, tbl.1.

Mr. DiGrazia's disciplinary action arises from a telephone call he made on February 18, 2022 at 11:52 a.m. See BOP Incident Report, Feb. 19, 2022, Pet. Ex. A (Doc. No. 1-1, at 1). During the call, Mr. DiGrazia asks the individual he contacted to transfer $250.00 to a particular Cash App account: "[w]e need you to ASAP $250 there." Id. According to the Incident Report, Mr. DiGrazia first added the telephone number to his contact list shortly before placing the call, while another inmate, Leanell Hines, added that same number in April 2021 and regularly placed calls to the number. Id. The Incident Report also identifies other inmates who contacted the same telephone number and made similar requests for money transfers on behalf of a third party. Id. From these telephone calls, an FCI

2

Berlin staff member and reporting employee gleaned that Mr. Hines was having other inmates, including Mr. DiGrazia, place calls to this number on his behalf.  Id.

On February 21, 2022, a BOP staff member provided Mr. DiGrazia with a copy of the Incident Report, which charged him with violating Code 297.  See DHO Report, Pet. Ex. B (Doc. No. 1-2, at 1).  Mr. DiGrazia was advised of his rights with regard to the disciplinary proceeding against him, initiated by the Incident Report, on February 24, 2022, and appeared at the disciplinary hearing on March 8, 2022.  Id.  During the hearing, Mr. DiGrazia waived his right to a staff representative, as well as his right to call witnesses.  Id.  He also denied the charge of a Code 297 violation.  Id.  When questioned by the DHO as to whom the telephone number at issue belonged, Mr. DiGrazia stated "Preston Faulk."  Id.  The DHO then asked Mr. DiGrazia: "[w]hy do you have the number . . . listed as Brian Gore if you just told me your friend's name is Preston Faulk?"  Id.  Mr. DiGrazia responded that he "didn't know" and that he listed all telephone numbers on his list with that name.  Id.  Mr. DiGrazia further stated: "I didn't know I couldn't do that. I've been doing it for 13 years."  Id.  The DHO pointed out to Mr. DiGrazia that every time he signs into the BOP's inmate communication system, he has to acknowledge and agree that the information he has

provided about the individuals on his approved contact list is "accurate and complete." Id. at 3.

Ultimately, the DHO found, based on the greater weight of evidence, that Mr. DiGrazia committed an act prohibited by Code 297. Id. at 2-5. As a sanction for the violation, Mr. DiGrazia lost 27 days of good conduct time, and he lost his telephone privileges for three months. Id. at 4-5.

On March 15, 2022, Mr. DiGrazia received a copy of the DHO Report. Id. at 5. Mr. DiGrazia subsequently filed an administrative appeal challenging the DHO's decision and related sanctions. See Admin. Appeal Resp., Pet. Ex. C (Doc. No. 1-3). The appeal was ultimately denied by a National Inmate Appeals Administrator. Id. Mr. DiGrazia now seeks relief in this court and asks for expungement of the Incident Report, as well as reinstatement of the 27 days of disallowed good conduct time. Pet. (Doc. No. 1, at 2).

## Discussion

I. Due Process for Disciplinary Proceedings

"[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." Superintendent v. Hill, 472 U.S. 445, 453 (1985) (citing Wolff v. McDonnell, 418 U.S. 539 (1974)). For a BOP disciplinary hearing, these due process procedural protections include "written notice of the charges at least

4

twenty-four hours in advance of the hearing," Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005) (citing Wolff, 418 U.S. at 564); "the ability to call witnesses and present documentary evidence," id. (citing Wolff, 418 U.S. at 566); "an impartial decisionmaker," id. (citing Wolff, 418 U.S. at 570-71); and "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," Hill, 472 U.S. at 454 (citing Wolff, 418 U.S. at 563-67).

When a DHO disallows good time credits as a penalty for a disciplinary violation after a disciplinary hearing, due process requires the support of that decision by "some evidence in the record." Id. The DHO's decision satisfies this standard when "any evidence in the record" exists "that could support the conclusion reached . . . ." Id. at 455-56. "The evidentiary requirement in reviewing prison disciplinary actions is met even when the evidence 'might be characterized as meager'; it simply must not be 'so devoid of evidence as to make the findings of the institution without support or otherwise arbitrary.'" Brown v. Kallis, No. 21-cv-920 (PJS/ECW), 2022 U.S. Dist. LEXIS 92674 at *27–28, 2022 WL 1652933 at *8 (D. Minn. Apr. 21, 2022) (quoting Flowers v. Anderson, 661 F.3d 977, 980 (8th Cir. 2011) (quoting Hill, 472 U.S. at 457)), R&R adopted, 2022 U.S. Dist. LEXIS 92665, at *1, 2022 WL 1645666, at *1 (D. Minn. May 24, 2022). "Ascertaining whether this standard is satisfied does

5

not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 456.

II. Mr. DiGrazia's Due Process Claim

The sole claim presented by Mr. DiGrazia in his Section 2241 petition is that the DHO lacked sufficient evidence in the record to find Mr. DiGrazia guilty of a Code 297 violation.[1] According to the DHO Report, the DHO found Mr. DiGrazia guilty of using "the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called . . ." 28 C.F.R. § 541.3, tbl.1, when Mr. DiGrazia provided a false name for an individual on his telephone contact list and subsequently contacted that individual on behalf of another inmate, Mr. Hines. DHO Report, Pet. Ex. B (Doc. No. 1-2, at 2-5).

To comport with Mr. DiGrazia's due process rights, the DHO's decision must have been supported with a "written statement . . . of the evidence relied on" in reaching that decision. See Hill, 472 U.S. at 454 (citing Wolff, 418 U.S. at

---

[1] Mr. DiGrazia does not allege that he was denied any other due process protections to which he is entitled under Hill, Wolff, and Surprenant, and the record before the court demonstrates that he was provided with those protections prior to and at the DHO hearing.

6

563–67). The "evidence relied on" must amount to "some evidence," id., a standard met by pointing to "any evidence in the record" in "support [of] the conclusion reached," id. at 455–56. "Even when there is substantial evidence to the contrary," the DHO "may find [an incident] report to be credible and therefore take disciplinary action." Brown, 2022 WL 1652933 at *8 (internal quotation marks omitted) (quoting Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993)); Hill, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached . . . .").

The DHO's decision met this standard. The issued written report cites sufficient evidence upon which the DHO could rely to support the conclusion that Mr. DiGrazia violated Code 297. DHO Report, Pet. Ex. B (Doc. No. 1-2, at 2-5). In particular, the DHO specified reliance upon the fact that Mr. DiGrazia added the telephone number at issue to his account on February 17, 2022 and identified the person associated with that number as "sibling," while Mr. Hines added the same number to his account on April 2, 2021 and identified the person associated with that number as "friend." Id. at 3. The DHO also indicated reliance upon the written account of Mr. DiGrazia's telephone call in the Incident Report. Id. Further, the DHO relied upon Mr. DiGrazia listing the telephone number as belonging to Brian Gore, yet subsequently testifying at the hearing that it belonged to

7

Preston Faulk, despite the fact that Mr. DiGrazia had agreed to provide accurate and complete information for individuals listed in his contact list in order to place the February 18, 2022 call. Id. at 4.  In sum, the DHO relied upon sufficient evidence to support the determination that Mr. DiGrazia violated Code 297.  Accordingly, the district judge should dismiss Mr. DiGrazia's petition as legally insufficient on its face.

## Conclusion

For the foregoing reasons, the district judge should deny Mr. DiGrazia's Section 2241 petition and direct the clerk to close the case and enter judgment.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

December 5, 2022

cc: Guy Phillip DiGrazia, pro se